**Clara Mae DISNEY**

v.

**The CELOTEX CORPORATION, et al.**

**No. CIV–3–84–313.**

United States District Court,
D. Tennessee, N.D.

July 19, 1984.

---

· Paul T. Gillenwater, Knoxville, Tenn., for Disney.

Wm. A. Young, Knoxville, Tenn. for Fibreboard Corp.

Steven L. Hurdle, Knoxville, Tenn., for Standard Asbestos Mfg. & Ins. Co.

Hugh J. Moore, Jr., Witt, Gaither & Whitaker, Chattanooga, Tenn., for GAF Corp.

R. Franklin Norton, McCampbell & Young, Knoxville, Tenn., for Nicolet, Inc.

Meridith Bond, Robt. A. Crawford, Knoxville, Tenn., for Pittsburgh Corning Corp.

Martin L. Ellis, Knoxville, Tenn., for Celotex Corp.

Hugh B. Bright, Jr., Knoxville, Tenn., for Owens-Illinois, Inc.

## MEMORANDUM AND ORDERS

HULL, District Judge.

This is a wrongful death/products liability action based on alleged exposure to asbestos. Jurisdiction is predicated on diversity of citizenship, 28 U.S.C. § 1332(a)(1) and (c), and is not in dispute.

Defendants Owens-Illinois, Inc. and Nicolet, Inc. have moved for summary judgment, Rule 56(b), Federal Rules of Civil Procedure, on the grounds that this action is *res judicata* as to them.

This action was previously filed in the Circuit Court for Knox County, Tennessee in February of 1979 (No. 3-73-79). On December 19, 1979, both Owens-Illinois, Inc. and Nicolet, Inc. were granted summary judgment, and the case was dismissed as to them. At least in the case of Nicolet, Inc., the plaintiff requested that the trial judge certify his ruling for interlocutory appeal. This request was denied, but the order granting summary judgment contained the following language:

> Plaintiffs' prayers for an interlocutory [appeal] shall be and they are hereby denied, but plaintiffs shall have the right to appeal the action of this Court upon the entry of final judgment as to the remaining claims and defendants herein.

On April 18, 1984, the state court action was dismissed on plaintiffs' motion by voluntary nonsuit as to these and all other defendants in the case. No appeal was taken from the summary judgment orders in favor of Nicolet, Inc. and Owens-Illinois, Inc. When this action was refiled in federal court, both Nicolet, Inc. and Owens-Illinois, Inc. were named among the defendants.

In resisting their motions for summary judgment, the plaintiff relies upon the language quoted above and contends that the state court judgments were interlocutory in nature; that they were never appealed because the case was never resolved on its merits as to all defendants; and that, therefore, they can have no *res judicata* effect.

This appears to be a case of first impression. No cases have come to light which deal directly with this situation, therefore, the issue must be decided by interpreting the Tennessee Code.

The Code provisions controlling at the time of the state court rulings read as follows:

> When more than one claim for relief is present in an action ... or when multiple parties are involved, ... the ... judge ... may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision ... that adjudicates fewer than all the claims or the rights

and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. T.C.A. § 27–3–105(d).

This code section addresses two situations—one where an order is final as to a party and the other where it is merely interlocutory (and cannot be appealed unless the trial judge certifies the question). Apparently in the instant case, there was some confusion as to which of these two situations existed when summary judgment was granted to Nicolet, Inc. and Owens-Illinois, Inc. The plaintiffs, and possibly also the trial judge, thought that the orders were merely interlocutory and that the judge had the discretion to either grant or deny permission for an interlocutory appeal. However, this Court is of the opinion that the summary judgment orders were final decisions on the merits from which an appeal was available immediately as a matter of right. The Court had no authority to extend the time of appeal past the time provided for in the Code. The trial judge expressly directed entry of judgment as to those two defendants and taxed costs against the plaintiffs.

This Court is of the opinion that the language in the summary judgment orders that reserved the right to appeal until final disposition of the case against all defendants had no legal effect. If it had any, then the plaintiffs should have taken their appeal at the time of the nonsuit. Under the rules of procedure, the plaintiffs would not have had the right to voluntarily nonsuit their action while the summary judgment motions were pending. It would not make sense for them to be able to nonsuit later and recapture the defendants upon refiling the action. These defendants were out of the case at the time of the nonsuit and plaintiffs' cause of action was preserved as to the remaining defendants only.

Accordingly, the motions of Owens-Illinois, Inc. and Nicolet, Inc. for summary judgment are hereby GRANTED.